**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Javier LUNA–MORENO, Defendant–
Appellant.**

**No. 00–50416.
D.C. No. CR–00–00800–WBE.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2001.

Decided June 5, 2001.

Before HUG, DUHÉ,* and TALLMAN,
Circuit Judges.

MEMORANDUM **

Appellant Javier Luna–Moreno appeals his sentence for transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ 1. The district court did not abuse its discretion, *see United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000), in applying U.S.S.G. § 2L1.1(b)(5) to Luna–Moreno, thus increasing his offense level to 18 for "recklessly creating a substantial risk of death or serious bodily injury to another." Application note 6 to § 2L1.1(b)(5) provides:

> Reckless conduct to which the adjustment from subsection (b)(5) applies includes a wide variety of conduct (*e.g.*, transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition).

U.S.S.G. § 2L1.1(b)(5) cmt. n. 6 (2000). Transporting ten people on the highway in the bed of a pickup truck protected by only a camper shell is more dangerous than carrying more people in a van than it was designed to hold, which this court has already held permits the § 2L1.1(b)(5) increase. *See Hernandez–Guardado*, 228 F.3d at 1027–28. Not only are there no seatbelts in the bed of a pickup truck, there are not even any seats. And a camper shell provides less protection than does the passenger compartment of a vehicle.

The only other published opinion from this court addressing § 2L1.1(b)(5) is *United States v. Dixon*, 201 F.3d 1223, 1233 (9th Cir.2000), which reversed the (b)(5) increase for carrying two people in the hatchback of a car; however, transporting ten people in the bed of a pickup truck is more dangerous.

■ 2. The district court did not err by not submitting to the jury the question whether Luna–Moreno created the risk discussed above. "Other than the fact of prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) (emphasis added); *Hernandez–Guardado*, 228 F.3d at 1026. Luna–Moreno's argument that *Apprendi* is implicated by exposure to a greater Guidelines sentencing range is foreclosed by this court's precedent. *See Hernandez–Guardado*, 228 F.3d at 1027. Because the § 2L1.1(b)(5) offense-level increase did not expose Luna–Moreno to a sentence greater than the statutory maximum–5 years under 8 U.S.C. § 1324(a)(1)(B)(ii)–*Apprendi* does not require the jury to decide the question.

AFFIRMED.